**Robert Tom BARKETT, Plaintiff in Error,**

v.

**Robert R. LESTER, Commissioner of Public Safety, Defendant in Error.**

**No. 43555.**

Supreme Court of Oklahoma.

Oct. 12, 1971.

Carl W. Davis, Oklahoma City, for plaintiff in error.

Loyde H. Warren, Oklahoma City, for defendant in error.

LAVENDER, Justice:

In this appeal from an order of the trial court modifying but refusing to vacate an order of the Commissioner of Public Safety which suspended the privilege of plaintiff in error to operate his auto upon the highways of this state for one year, plaintiff in error contends the trial court's judgment was in error because that court permitted the introduction into evidence of the files and records of the Department of Public Safety which pertained to previous traffic convictions of appellant and his previous driving record which, in some cases, included ex parte statements of investigating police officers and others concerning appellant's driving. The thrust of appellant's argument is that in this manner hearsay evidence was permitted to be introduced and appellant was denied the right of cross-examination. The contention is also made that if this alleged incompetent evidence had been excluded the judgment of the trial court would not be supported by competent evidence and would be subject to reversal.

Reliance is placed on appellant's interpretation of portions of Title 47 O.S.1961, § 6–206 and § 6–211. The latter section was amended by Laws of 1969, effective March 24, 1969.

We have examined the above statutes. The first mentioned section (Section 6–206) provides that the Department of Public Safety, upon receipt of a report from a

judge or the clerk of a court wherein one has been convicted or has plead guilty to an offense involving the operation of a motor vehicle on the highways of this state, may, in the exercise of its discretion, suspend the operator's license of said offender for a period of up to twelve months. In determining how much time to suspend the license, the Department is authorized by the statute (subsection (b)) to consider, " * * * the records of such conviction together with the records and reports on file in the Department. * * *." An appeal from such action is provided the aggrieved party under the other section above referred to (Section 6-211).

Sub-section (e) of Section 6-211, as amended, provides in part, that upon an appeal to the district court, " * * * said court shall take testimony and examine into the facts and circumstances, including all of the records on file in the office of the Department of Public Safety relative to the offense committed and the driving record of said licensee, and determine from said facts, circumstances and records whether the petitioner is entitled to a license or shall be subject to the order of denial, cancellation, suspension or revocation issued by the Department. The court may also determine whether, from such testimony of said licensee's previous driving record in the operation of motor vehicles, said order was for a longer period of time than such facts and circumstances warranted." The statute then authorizes the court, if it finds that the period of suspension was not warranted, to shorten it.

In this case the trial court shortened the period of suspension from the original twelve month period to nine months.

The objection, which the appellant made in the trial court to the admission in evidence of the record of his four previous suspensions, was made not upon the specific basis that such records contained ex parte hearsay statements, but was based upon appellant's argument that he had already been "punished" when his driver's license was suspended for the previous driving offenses and that it was unfair to consider those incidents in determining for how long his license should be suspended for the most recent infraction. In the brief which the appellant has filed in this court, he appears to have receded somewhat from that position now asserting that, even if such records may properly be considered, the ex parte statements of the officers contained in the "Arrest and Summons Report" and "Detailed Description of Offense" were not properly a part of his record for consideration either by the Department when it entered the order of suspension or by the trial court when it reviewed that order on appeal.

We notice that appellant does not contend that he is being punished twice for the same offense nor does he assert that it is beyond the power of the legislature to provide that previous convictions of driving offenses may be consider by the administrative agency involved in determining the length of time to suspend one's driver's license. Appellant's contention is based on what he generally refers to as the "more logical" interpretation of the acts involved, which is, that the legislature only intended for the Department to base its decision on the would-be driver's present or most recent offense together with his record from his last period of suspension. We do not agree.

It is not a question of punishment for an offense against the traffic laws when one's driver's license is suspended by actions of the proper authority under these statutes. The purpose of the statutes was not to punish the erring driver but to protect the rest of us who might have occasion to use the highways from being injured or killed by someone operating his automobile in a manner violative of the laws. The length of time one should have his privileges suspended is directly relevant to the question of how many other occasions has he violated the traffic laws, the nature of the offenses, and the time his license was suspended as a result of those previous con-

victions or pleas of guilty. We hold that in Section 6–206(b), wherein the Department is to consider the records of the latest conviction "together with the records and reports on file in the Department," and the wording contained in Section 6–211, as amended, permitting the reviewing court to consider "the driving record of said licensee," evidenced a legislative intent to authorize both the Department and the reviewing court to consider not only the report of the most recent traffic offense of which the licensee was convicted or entered a plea of guilty, but to also consider similar reports (mentioned in (a) of Section 6–206) made to the Department of previous traffic offenses involving the licensee, when the question for determination is for what period of time should the license be suspended.

We have reviewed the record in this case including those reports or certifications by judges and/or clerks of courts wherein appellant was either convicted or entered a plea of guilty to an offense involving the operation of a motor vehicle upon the highways of this state. This record reveals that appellant has had four convictions of traffic violations for which his driver's license was suspended for varying periods of time, commencing with a rather short period and then for successively longer periods.

■ We conclude that, even if appellant's contention that hearsay testimony was introduced without lawful authority be correct, he has not sustained the burden of demonstrating to us that such error was anything other than "harmless error," as that term is defined in Title 22 O.S.1961, § 1068. See also, 12 O.S.1961, § 78; Parris v. McCallay (1967), Okl., 424 P.2d 62; and the fourth paragraph of the Syllabus by the court in Champlin Oil and Refining Company v. Roever (1970), Okl., 477 P.2d 662.

There was substantial competent evidence in the record to support the decision of the Department and the judgment of the trial court.

That judgment is affirmed. Upon the filing and spreading of record in the trial court of the mandate of this court, the appellant is directed to forthwith surrender his automobile operator's license to the trial court or the Department of Public Safety to be retained by the said agency until the nine months' suspension period has elapsed, at the end of which time the license shall be returned to the appellant.

All of the Justices concur.